IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH W. CROCKETT * | |
| Plaintiff, | |
| v. * | CIVIL ACTION NO. WMN-06-2721 |
| KATHLEEN GREEN, WARDEN * | |
| TONYA SAMPLE | |
| Defendants. | |
| *** | |

**MEMORANDUM**

Procedural History

Plaintiff filed this 42 U.S.C. § 1983 civil rights complaint for damages, dated October 4, 2006, stating that in August of 2005, he was diagnosed with corneal ulcers. He further alleges that he has a history of reoccurring infections in his right eye. Paper No. 1. Plaintiff complains that medical staff at the Eastern Correctional Institution ("ECI") did not provide him treatment for his corneal ulcers and that only after suffering severe headaches and eye irritation was he taken to see an ophthalmologist and a specialist, who diagnosed him with having glaucoma in both eyes. *Id*. Plaintiff claims that no medical care was provided to him over a twelve-month period, causing him loss of sight. *Id*. He names the ECI Warden and the apparent former Medical Records Supervisor ("MSA") at ECI as Defendants.

Defendants Sample and Green have filed Motions to Dismiss or for Summary Judgment. Paper Nos. 14 & 20. Plaintiff has filed oppositions thereto. Paper Nos. 17, 22, 23, & 24. The matter is ready for this Court's consideration. The undersigned concludes that an oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004).

Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues for which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Analysis

Defendant Sample seeks the entry of judgment in her favor, asserting that Plaintiff raises no allegations that she was a health care provider or that she treated or failed to treat Plaintiff for his eye problems. She claims that in her capacity as the former MSA for ECI, she is not a prison official or a health care provider, and did not and could not administer medical care to ECI inmates, including Plaintiff. Paper No. 14, Ex. A, Aff. of Jan Epp.

Warden Green likewise seeks the entry of judgment in her favor, arguing that as a supervisory official she is not liable for the actions (or inactions) of medical staff. Paper No. 20. Green further claims that she is not subject to liability under § 1983 because there is no showing, much less allegation, that she interfered with or prevented Plaintiff from receiving eye care. *Id*.

In his opposition responses, Plaintiff claims that in light of the Health Care Services Transfer Screening Form prepared in October of 2005, Defendants were aware of his medical history. Paper Nos. 17 & 22. He further claims that as Defendant Sample bid and secured a contract with Warden Green and the State of Maryland to provide "medical services" at prison facilities, she remains contractually responsible for the delivery of actual health care. Paper No. 23. Plaintiff also asserts that given the recommendations of the Johns Hopkins Hospital from September 5, 2005, he should have been continued on the acyclovir for at least one year and should have received periodic follow-up care. Paper No. 24. He states that his December, 2006 examination by Dr. Mathias at ECI is insufficient to support the entry of judgment because Mathias is not an ophthalmologist and does not have the resources necessary to conduct the appropriate evaluation. *Id*.

There is no dispute that Sample was the medical records supervisor at ECI. Green is the Warden at ECI. As a fundamental element of § 1983 liability, a plaintiff must show that a defendant was personally involved in the alleged deprivation of his constitutional rights, since the doctrine of *respondeat superior* does not apply to § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1997). It remains uncontroverted that neither Sample nor Green were personally involved in Plaintiff's eye treatment, much less any aspect of his health care. Further, Plaintiff has not and cannot show supervisory liability on the part of Defendants by demonstrating that they personally failed to provide him needed medical care, deliberately interfered with a


physician's performance, or tacitly authorized or were deliberately indifferent to a physician's constitutional violations.[1]  *See Miltier v. Beorn*, 896 F.2d 848, 854-55 (4th Cir. 1990).

## Conclusion

For the aforementioned reasons, Defendant Sample's Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.[2]  Defendant Green's Motion to Dismiss shall be granted.[3]  A separate Order shall follow.

/s/

Date: 4/5/07

William M. Nickerson
Senior United States District Judge

---

[1] To the extent the Complaint attempts to implicate Correctional Medical Services, Inc. in the alleged denial of medical care solely upon vicarious liability, the law in this circuit is clear. The doctrine of respondeat superior does not apply to § 1983 claims. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982).

[2] In light of the decision entered by this Court, Plaintiff's Motion to Quash and Motion for Appointment of Counsel are denied.

[3] The Complaint alleges that Plaintiff has a history of corneal ulcers and eye infections. Because Defendants primarily moved for dismissal due to their lack of personal involvement in Plaintiff's medical care, no medical records were presented. A status report was therefore requested. The record presented to this Court indicates that Plaintiff has a remote history of herpetic keratitis, an infection of the eye caused by the herpes simplex virus, and was recently diagnosed with glaucoma. Paper No. 19. In the past he was provided acyclovir ophthalmic drops for treatment and prevention of herpetic keratitis. Attempts made by ECI medical staff to obtain these drops were unsuccessful as they are allegedly not available commercially. *Id*. Plaintiff was examined in May of 2006, when his history of herpetic keratitis was noted. He was seen by the tele-medicine eye clinic in July of 2006, diagnosed with glaucoma, treated with Xalatan, and referred for an intraocular pressure evaluation in two months. *Id*.  Plaintiff received a further eye examination on October 6, 2006. *Id*..  He was examined by Dr. Mathias on December 28, 2006, and no corneal ulcerations or other signs or symptoms of herpetic keratitis were noted. *Id*. Plaintiff, however, indicated that he needed to be on the acyclovir drops continually to prevent a recurrence of the herpetic keratitis and sun sensitivity. *Id*. Mathias noted Plaintiff's only symptoms were some burning of the eyes and photophobia and he prescribed oral acyclovir for prophylaxis purposes and Liquid Tears. *Id*.